**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSE AMAYA POSADA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civ. No. 3:25-cv-483 |
| v. | ) | |
| | ) | |
| LEONARD ODDO, Warden, Moshannon | ) | District Judge Stephanie L. Haines |
| Valley Processing Center *et al.*, | ) | Magistrate Judge Peter E. Ormsby |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

### I.      Recommendation

Before the Court are Petitioner Jose Amaya Posada's Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Preliminary Injunction (ECF No. 11). Petitioner is a citizen of El Salvador who is being held in immigration custody at Moshannon Valley Processing Center (Moshannon). Petitioner challenges Respondents' reliance on 8 U.S.C. § 1225(b) to detain him without a bond hearing, contending instead that he is entitled to a bond hearing under 8 U.S.C. § 1226(a). He is right.

For the reasons explained below, it is respectfully recommended that the Petition for Writ of Habeas Corpus be granted to the extent that Petitioner requests a bond hearing. Assuming that relief is granted, it is further is recommended that his Motion for Preliminary Injunction be denied as moot. To the extent Petitioner seeks other relief in either his Petition or preliminary injunction motion, it is recommended that such requests be denied.

1

## II.    <u>Report</u>

The facts are not in dispute. Petitioner was born in El Salvador and entered the United States in about 2005. He has lived here over 20 years. On November 5, 2025, Petitioner was detained during a traffic stop and taken into custody by U.S. Immigration and Customs Enforcement (ICE), who transported him to Moshannon. Invoking § 1225(b), ICE detained Petitioner without a bond hearing. As of June 4, 2026, he remains in custody at Moshannon (as shown by a search of the publicly available ICE detainee locator). In seeking habeas relief, Petitioner's principal claim is that he is entitled to a bond hearing under § 1226(a).

A federal court has the authority to grant a writ of habeas corpus to a prisoner held "in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). As applied here, "[h]abeas actions based on whether a petitioner is detained pursuant to the appropriate statute, 8 U.S.C. § 1225(b) or 8 U.S.C. § 1226(a), and is entitled to a bond hearing are 'now or never' legal questions that remain in the jurisdiction of district courts." *Patel v. O'Neill*, No. 3:25-CV20289, 2026 WL 323121, at *4 (M.D. Pa. Feb. 6, 2026) (citing *Khalil v. President, United States*, 164 F.4th 259, 274-76 (3d Cir. 2026)).

The parties agree on the key issue before the Court. Petitioner asserts that his detention is governed by § 1226(a) and that, applying that statute, he is entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (noting "[f]ederal regulations provide that aliens detained under§ 1226(a) receive bond hearings at the outset of detention") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Respondents disagree, arguing that § 1225(b)(2) applies and that they may—and indeed must—detain Petitioner without a bond hearing, as required by that statute. *See* 8 U.S.C. § 1225(b)(2) (providing that an "an alien who is an applicant for admission .

2

. . shall be detained" unless the examining immigration officer finds that the alien is "clearly and beyond a doubt entitled to be admitted").

For the reasons fully explained in similar cases decided by presiding District Judge Stephanie L. Haines, Petitioner's detention is governed by § 1226(a). *See e.g., Dala v. Wolford*, No. 3:25-cv-427, 2026 WL 114243 (W.D. Pa. Jan. 15, 2026); *Calzado Diaz v. Noem*, No. 3:25-cv-458, 2025 WL 3628490 (W.D. Pa. Dec. 15, 2025).[1] Under that statute, he has a right to a bond hearing. *Dala*, 2026 WL 114232, at *2; *see also Jennings*, 583 U.S. at 306. Thus, Petitioner's continued detention without such a hearing violates federal law and entitles him to habeas relief. *See, e.g., Dala*, 2026 WL 114232, at *2 (finding "Petitioner's detention is governed by Section 1226(a), and that she has a statutory right to a substantive bond hearing"). The appropriate remedy here is a hearing, rather than immediate release. *See Calzado Diaz*, 2025 WL 3628490, at *8 (finding that the petitioner "is entitled to a bond hearing under § 1226(a), but no more"); *see also Dala*, 2026 WL 114243, at *2 (granting a bond hearing under § 1226(a) and denying immediate release).

In conclusion, it is respectfully recommended that the Petition for Writ of Habeas Corpus be granted to the extent that Petitioner requests a bond hearing. It is further recommended that Respondents be directed to provide an individualized bond hearing before a neutral immigration judge within seven (7) days from the date of any Order adopting this Report and Recommendation. It is further recommended that if Petitioner is not provided with a bond hearing within that time frame, or if the immigration judge declines to conduct a bond hearing

---

[1] In deciding cases such as *Dala* and *Calzado*, Judge Haines joins "the vast majority of district courts that have arrived at the same conclusion." *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397, 408 (D.N.J. 2025) (collecting cases).

based on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) or related grounds, Respondents shall immediately release Petitioner from custody. Moreover, it is recommended that the Motion for Preliminary Injunction be denied as moot. To the extent that Petitioner seeks other relief by Petition or Motion, it is recommended that such requests be denied.

### Notice to the Parties

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties may, within fourteen (14) days, file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Signed on June 4, 2026

_____
Peter E. Ormsby
United States Magistrate Judge